UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-62221-MIDDLEBROOKS/BRANNON

DAREN DOMBROSKI,

    Plaintiff,

vs.

MILLAR HERITAGE VENTURES, INC.
D/B/A MIDAS and ROBERT L. MILLER,

    Defendants.
_____/

## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

Defendants, **MILLAR HERITAGE VENTURES, INC. D/B/A MIDAS**, including their officers, directors, representatives, shareholders, owners, agents, employees, insurers, successors and assigns, and **ROBERT L. MILLER**, including his heirs, representatives, attorneys, successors, and assigns (collectively referred to as "Defendants"), and Plaintiff, **DAREN DOMBROSKI**, including his heirs, representatives, attorneys, successors ("Plaintiff") for good and valuable consideration as set forth herein, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, including without limitation in the above-encaptioned litigation, agree as follows:

    1.    **Mutual General Release**.    In consideration for the promises contained in this Settlement Agreement and Mutual General Release ("Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against each other, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of his employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act ("ERISA"); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code;

and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Agreement includes all claims which were, or could have been, asserted in the above-encaptioned lawsuit ***Dombroski v. Millar Heritage Ventures, Inc. et al***, Case No. ***15-62221-civ-Middlebrooks/Brannon***, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees**. In consideration of the promises of Plaintiff and Defendants, as set forth herein, the Parties agree to settle this matter for a total of **$3,897.49**, which shall be made payable to "Koz Law, P.A." and delivered to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, FL 33316 within seven (7) days of Plaintiff's execution of this Agreement. The settlement payment will be held in Plaintiff's counsel's trust account pending the Court's approval of this Agreement and dismissal of the Litigation with prejudice.

Out of the settlement proceeds, Plaintiff is receiving **$847.49** for alleged unpaid overtime wages, minimum wages, and liquidated damages, and Plaintiff's counsel is receiving **$3,050.00** as attorney's fees and costs.

3. **Dismissal of Lawsuit**. Contemporaneous with the full execution of this Agreement by the parties, and deposit of the settlement funds in Plaintiff's counsel's trust account, the Parties agree to file with the Court in the Litigation a Joint Motion for Approval of the Parties Settlement Agreement and Stipulated Dismissal With Prejudice ("Motion") of all claims asserted by Plaintiff in the Litigation, with the Court to maintain jurisdiction to enforce the terms of this Agreement, along with a proposed Order approving this Agreement. The form of such Motion and Order shall be as attached hereto as Exhibit "A". The settlement funds shall not be released until the Court approves this Agreement and dismisses the Litigation with prejudice. Should the Court not approve this Agreement, and the parties declare an impasse of further settlement efforts to obtain the Court's approval and dismissal of this action, the settlement funds shall be immediately returned to Defendants by Plaintiff's counsel.

4. **Mutual Covenant of Confidentiality**. The parties agree that the facts of and terms of this Agreement are strictly confidential and, with the exception of either Plaintiff's spouse, counsel, lender, accountant, Defendant's spouse, counsel or accountant, pursuant to a subpoena, to enforce this Agreement, or to submit to the Court for review and approval of this Agreement in accordance with Section 3 above or otherwise as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval of both Plaintiff and Defendants.

5. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

**EXHIBIT A**

6. **Non-Admission Clause**. By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability. Defendants have entered into this Agreement solely to avoid the time, expense and uncertainty of protracted litigation.

7. **Non-Disparaging Remarks**. The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the Parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

8. **Jurisdiction**. The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over this Litigation. This Agreement is governed by the substantive law of the State of Florida.

9. **Severability**. In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

10. **Entire Agreement**. This Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

11. **Enforcement**. In the event any action is commenced to enforce this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs. The parties shall seek the Court's reservation of jurisdiction to enforce the terms of the settlement.

12. **Counterparts**. This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single agreement. Faxed transmissions or emails and/or copies of the signature blocks shall be deemed enforceable for this Agreement.

13. **Voluntariness**. Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

14. **Tax Liability**: Plaintiff agrees to indemnify and hold harmless Defendants from and against any and all of Plaintiff's tax liability that may result from the payments of the settlement amount pursuant to this Agreement. Plaintiff further understands and agrees that the settlement amount represents a disputed amount for alleged damages that is not subject to withholding for federal income and other employment taxes, and will be reported by Defendants to the Internal Revenue Service on Form 1099. Plaintiff understands and agrees that Defendants have made no representations as to the tax consequences or tax liability arising from this

**EXHIBIT A**

Agreement or payment of the settlement amount. Plaintiff agrees that he shall be solely responsible for the payment of any taxes, interest or penalties that might be found due and owing as a result of this Agreement and payment of the settlement amount. Plaintiff agrees to reimburse Defendants for any liability arising out of a recharacterization by the IRS of any sums paid to Plaintiff under this Agreement.

**DAREN DOMBROSKI**

By: _____
DAREN DOMBROSKI

Date: _____

**MILLAR HERITAGE VENTURES, INC. D/B/A MIDAS**

By: _____
Sign Name

Robert L Miller
Print Name

Title: President

Date: 12-19-15

**ROBERT L. MILLER**

By: _____
ROBERT L. MILLER

Date: 12-19-15

FROM:Ajix dba CapsCanada TO:17863586071 12/22/2015 14:42:05 #37632 P.005/005
Case 0:15-cv-62221-DMM Document 10-1 Entered on FLSD Docket 01/25/2016 Page 5 of 5

EXHIBIT A

Agreement or payment of the settlement amount. Plaintiff agrees that he shall be solely responsible for the payment of any taxes, interest or penalties that might be found due and owing as a result of this Agreement and payment of the settlement amount. Plaintiff agrees to reimburse Defendants for any liability arising out of a recharacterization by the IRS of any sums paid to Plaintiff under this Agreement.

**DAREN DOMBROSKI**

By: _[signature]_
DAREN DOMBROSKI

Date: 12-21-15

**MILLAR HERITAGE VENTURES, INC. D/B/A MIDAS**

By: _____
Sign Name

_____
Print Name

Title: _____

Date: _____

**ROBERT L. MILLER**

By: _____
ROBERT L. MILLER

Date: _____